DANIEL S. PEARSON, Judge,
concurring.
Because this case is being remanded for a new trial, the prosecutor should be reminded (as he was by the trial court continuously throughout the trial) that it is highly objectionable for him to make a closing argument to the jury in the guise of cross-examining defense witnesses. Omitting defense counsel’s interspersed objections, motions to strike, and motions for mistrial, the following are some examples of these improper questions (in actuality, state *587 ments in the form of questions) which appear in this record:
“You heard the police officers testify that at the time they took the description of the people that were involved in the incident, [the victim] told the police he did not know the name of these people?”
“Now we know that the victim called the police because you have heard the police officers testify.”
“We know from the police officers’ testimony that [the victim] called the police very, very soon after the incident that supposedly happened at quarter to ten or somewhere in that area, correct?”
“Now, why do you think, if you know — if you know, why would you think he would call the police and risk having his car stopped if he had the possibility of losing the fourteen grams of cocaine after the police would have stopped you?”
“Do you recall hearing the testimony of Clara Suarez and Gloria Suarez and Ma-lagro Dominguez to the facts that Juan Barberis [the victim] was crying at the time he came into the house?”
“Now, you heard a police officer testify that at the time that Juan Barberis saw Felix Gonzalez in the market, he immediately knew that this was one of the men that was there .... He held him at gunpoint until the police came.... And gave a positive identification.”
“Do you remember when Officer Swager testified? ... Do you recall him saying he was not aware of any keys being found inside the car?”
“Now, you also heard the testimony from Juan Barberis that he went out and actually looked for the car, walked around the streets, but could not find the car.”
“Now, some of the witnesses testified that aside from Felix Gonzalez, they had seen you with a gun .... You heard Juan Barberis testify to that _ I think Malagro Dominguez also testified to that .... Clara was not sure, you recall.”
“Now, you have heard testimony that there were a lot of people in that house.... Did you hear anybody testify in here that they heard that statement made?”
The functions of cross-examination are to elicit testimony concerning the facts of the case and to test the credibility of the witness. What a witness did or did not hear other witnesses say in the courtroom tends neither to prove nor disprove any material fact in issue and is therefore totally irrelevant unless, which is hardly the case here, the witness’s ability to hear is in issue. Thus, it is clear that the prosecutor’s foregoing and like questions can lead to no admissible testimony and serve the singular and improper purpose of recapitulating the testimony of the State’s witnesses at a point in the trial when such recapitulation is not called for. I am not aware of any authority which accords to any party the right to make a closing argument in mid-trial and a second at the trial’s conclusion.